1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

BRENT SCARPO, *on behalf of himself and all others similarly situated*,

Plaintiff,

v.

NATROL, LLC,

Defendant.

Case No.: 5:21-cv-01979-JFW(ASx)

**CLASS ACTION**

**DISCOVERY MATTER**

**PROTECTIVE ORDER**

Pre-Trial Conf.:   June 30, 2023
Trial Date:          July 18, 2023
District Judge:    Hon. John F. Walter
Magistrate Judge:  Hon. Alka Sagar

18

1.    GENERAL STATEMENTS

19

A.    PURPOSES AND LIMITATIONS

20

Discovery in this action is likely to involve production of confidential,

21

proprietary, or private information for which special protection from public

22

disclosure and from use for any purpose other than prosecuting this litigation may be

23

warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter

24

the following Stipulated Protective Order.  The parties acknowledge that this Order

25

does not confer blanket protections on all disclosures or responses to discovery and

26

that the protection it affords from public disclosure and use extends only to the

27

limited information or items that are entitled to confidential treatment under the

28

applicable legal principles. The parties further acknowledge, as set forth in Section

12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  The Court's Standing Order (Dkt. 12), Civil Local Rule 79-5, and any other pertinent orders of the assigned District Judge or Magistrate Judge shall set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information including sales and profit data related to the products at issue, information regarding confidential business practices, confidential research and development information related to the products, confidential marketing and advertising information, confidential and trade secret information regarding the products' formulae, testing, and development, information regarding confidential commercial practices, and other non-public, confidential information or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it

1   has been maintained in a confidential, non-public manner, and there is good cause

2   why it should not be part of the public record of this case.

3   2.      DEFINITIONS

4          2.1     Action: *Brent Scarpo v. Natrol, LLC*, Case No. 5:21-cv-01979-JFW-AS

5   (C.D. Cal.).

6          2.2     Challenging Party: a Party or Non-Party that challenges the designation

7   of information or items under this Order.

8          2.3     "CONFIDENTIAL" Information or Items: information (regardless of

9   how it is generated, stored, or maintained) or tangible things that qualify for

10  protection under Federal Rule of Civil Procedure 26(c), and as specified above in the

11  Good Cause Statement.

12         2.4     "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or

13  Items: Extremely sensitive CONFIDENTIAL information (regardless of how it is

14  generated, stored, or maintained) or tangible things, the disclosure of which to

15  another Party or Non-Party would create a substantial risk of serious financial or

16  other injury that cannot be avoided by less restrictive means.  CONFIDENTIAL—

17  ATTORNEYS' EYES ONLY information includes, without limitation, information

18  that the Designating Party reasonably and in good faith believes relates to: (1) current

19  business/strategic plans; (2) technical product specifications and information;

20  (3) sales, cost, and price information; (4) non-public marketing information.

21         2.5     Counsel: Outside Counsel of Record and House Counsel (as well as

22  their support staff).

23         2.6     Designating Party: a Party or Non-Party that designates information or

24  items that it produces in disclosures or in responses to discovery as

25  "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

26         2.7     Disclosure or Discovery Material: all items or information, regardless

27  of the medium or manner in which it is generated, stored, or maintained (including,

28  among other things, testimony, transcripts, documents, and tangible things), that are

produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and their support staff.

2.9    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter "AEO legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party

must affix the "CONFIDENTIAL legend" or the "AEO legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given or materials used in depositions, that the Designating Party either:

(i)  identify on the record, before the close of the deposition, all CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY testimony or exhibit material, by specifying all portions of the testimony or material that qualify as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY; and/or

(ii)  provisionally designate on the record, before the close of the deposition, the entirety of the testimony and exhibits at the deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, with the right to identify specific portions of the testimony and exhibits as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY within 30 days following electronic receipt of an electronic version of the deposition transcript.  If the designating party does not identify specific portions of the testimony (or exhibit material) for designation within 30 days of electronic receipt of an electronic version of the deposition transcript, the entirety of the testimony and exhibits shall be de-designated and no longer treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY.

In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as instructed by the Designating Party.

(c)  for information produced in some form other than documentary and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend" or "AEO legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If corrected within a reasonable time after discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. see http://www.cacd.uscourts.gov/honorable-alka-sagar

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the

Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any "CONFIDENTIAL" Information or Items unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      (i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

      7.3   **Disclosure of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this Action (including support staff and outside copying and data hosting providers who are directly assisting Outside Counsel of Record in the preparation of this Action for trial);

      (b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    the court and its personnel;

      (d)    court reporters and their staff;

      (e)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f)    the author or recipient of a document containing the information or a

1  custodian or other person who otherwise possessed or knew the information;

2      (g)   during their depositions, witnesses, and attorneys for witnesses, in the

3  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

4  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

5  form attached as Exhibit A hereto; and (2) they will not be permitted to keep any

6  "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items unless

7  otherwise agreed by the Designating Party or ordered by the Court.  Pages of

8  transcribed deposition testimony or exhibits to depositions that reveal Protected

9  Material may be separately bound by the court reporter and may not be disclosed to

10  anyone except as permitted under this Stipulated Protective Order; and

11      (h)   any mediator or settlement officer, and their supporting personnel,

12  mutually agreed upon by any of the parties engaged in settlement discussions.

13  8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

14     IN OTHER LITIGATION</u>

15      If a Party is served with a subpoena or a court order issued in other litigation

16  that compels disclosure of any information or items designated in this Action as

17  "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," that

18  Party must:

19      (a)   promptly notify in writing the Designating Party. Such notification shall

20  include a copy of the subpoena or court order;

21      (b)   promptly notify in writing the party who caused the subpoena or order

22  to issue in the other litigation that some or all of the material covered by the subpoena

23  or order is subject to this Protective Order. Such notification shall include a copy of

24  this Stipulated Protective Order; and

25      (c)   cooperate with respect to all reasonable procedures sought to be pursued

26  by the Designating Party whose Protected Material may be affected.

27      If the Designating Party timely seeks a protective order, the Party served with

28  the subpoena or court order shall not produce any information designated in this

action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
          PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within

14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s); (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production, whether inadvertent or otherwise, of any Discovery Material which a party or third party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Privileged Discovery Material"), will not be deemed to have waived any privilege for the Privileged Discovery Material in this matter or any other federal or state proceeding. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502, and other

applicable laws and regulations.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's Standing Order (Dkt. 12) and Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION.</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  June 29, 2022.          TYCKO & ZAVAREEI LLP

By: */s/ Annick M. Persinger*
Annick M. Persinger
Hassan A. Zavareei

Stuart E. Scott
Kevin Hulick
SPANGENBERG SHIBLEY & LIBER LLP

Jeremy Gilman
JEREMY GILMAN, ATTORNEY, LLC

Attorneys for Plaintiff

DATED:  June 29, 2022.          FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Lawrence G. Scarborough*
Lawrence G. Scarborough
Desmonne A. Bennett

Jonathan D. Leventhal
NATROL, LLC

Attorneys for Defendant

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __ATTESTATION__

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from the other signatories.

*/s/ Lawrence G. Scarborough*
Lawrence G. Scarborough

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: June 30, 2022

/ s / Sagar
Honorable Alka Sagar

United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in the case

of BRENT SCARPO v. NATROL LLC, pending before the United States

District Court for the Central District of California, Case No. 5:21-CV-01979-

JFW(ASx) ("Action").  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of

contempt.   I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.  I further

agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings   occur

after  termination  of  this  action.  I  hereby  appoint

_____ [print or type full

name]  of  _____

[print or type full address and telephone number] as my California agent for

service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

CASE NO. 5:21-cv-01979-JFW-AS

STIPULATED PROTECTIVE ORDER