|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

**CIVIL MINUTES -- GENERAL**

| Case No. | **ED CV 21-1979-JFW(ASx)** | Date: September 8, 2022 |
|---|---|---|
| Title: | Brent Scarpo -v- Natrol, LLC | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO DISMISS WITH PREJUDICE [filed 8/15/22; Docket No. 65]

On August 15, 2022, Plaintiff Brent Scarpo ("Plaintiff") filed a Motion for Leave to Dismiss with Prejudice ("Motion"). On August 22, 2022, Defendant Natrol, LLC ("Defendant") filed its Opposition. On August 29, 2022, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 12, 2022 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On November 22, 2021, Plaintiff, on behalf of himself and all others similarly situated, filed a Complaint against Defendant. On January 20, 2022, Plaintiff filed a First Amended Complaint ("FAC"), alleging claims for: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*; and (3) breach of express warranty. Defendant distributes and sells "nutraceutical" products[1], including Cognium Memory and Cognium Memory Extra Strength (collectively, the "Cognium Products"). On its packaging, Defendant represented that the Cognium Products are "Clinically Shown to Improve Memory & Recall" and are "powered by a natural protein from silkworm cocoons [that] has been shown to be effective in healthy adults in multiple clinical trials." In the FAC, Plaintiff claims that he and other California consumers suffered harm when they purchased the Cognium Products because the products are not capable of delivering the advertised effects under any circumstances. In addition, Plaintiff alleges that the active

---

[1] Nutraceutical products are products derived from food sources that purport to provide extra health benefits in addition to the basic nutritional value found in all foods.

ingredient in the Cognium Products – the natural protein from silkworm cocoons – is not capable of producing improved memory and recall and, as a result, Defendant's claims as to the efficacy of the Cognium Products are "provably false and misleading."  FAC, ¶¶ 21 and 29.

On May 2, 2022, Defendant filed its Answer.  On May 26, 2022, Defendant filed a Motion for Partial Judgment on the Pleadings.  On June 27, 2022, the Court granted Defendant's Motion for Partial Judgment on the Pleadings and dismissed without leave to amend Plaintiff's second count for violation of the UCL and Plaintiff's prayer for injunctive relief under the CLRA and UCL.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  Whether to grant a Rule 41(a)(2) motion rests in the sound discretion of the district court, and such a motion should be granted "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *see also Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) ("When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.").  "Plain legal prejudice, however, does not result simply when [the] defendant faces the prospect of a second lawsuit or when [the] plaintiff merely gains some tactical advantage."  *Smith*, 263 F.3d at 975.  Instead, plain legal prejudice occurs when a dismissal will cause the defendant to lose some rights or defenses in future litigation, such as "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."  *Westlands Water Dist.*, 100 F.3d at 97.

Dismissal pursuant to Rule 41(a)(2) is without prejudice unless the order dismissing the case states otherwise.  "Whether to allow dismissal with or without prejudice is discretionary with the court, and it may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action."  *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd*, 72 F.3d 766 (9th Cir. 1995).  "The following factors are relevant in determining whether the dismissal should be with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal."  *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (*quoting Burnette*, 828 F. Supp. at 1443-43).

## III.    Discussion

In his Motion, Plaintiff, pursuant to Federal Rule of Civil Procedure 41(a)(2), seeks an order dismissing this action with prejudice and argues that Defendant will not suffer any legal prejudice from the dismissal.  In its Opposition, Defendant argues it will suffer legal prejudice if this action is dismissed at this stage, even if that dismissal is with prejudice, because "the Court considered and ruled on the merits of Scarpo's claims."  Opposition, 2:28-3:1.  Specifically, Defendant argues that there is a "clear intent to dismiss this case in favor of filing with a new named plaintiff in a new, potentially more favorable courthouse, but with the same theory, same expert opinions, and same claims."  Opposition, 5:22-24.

The Court concludes that this action should be dismissed with prejudice.[2] Although Defendant argues that it will be prejudiced by the threat of a future lawsuit, the Ninth Circuit has held that "the mere inconvenience of defending another lawsuit does not constitute plain legal prejudice." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citation omitted). Similarly, in *Westlands Water Distr.*, 100 F.3d at 97, the Ninth Circuit held that "[u]ncertainty because a dispute remains unresolved is not legal prejudice." For example, the Ninth Circuit concluded that there was no legal prejudice when a plaintiff abandoned federal claims to pursue analogous securities fraud claims in state court, even though defendants lost the procedural protections afforded by plaintiff's federal claims originally brought under the Private Securities Litigation Reform Act. *See, e.g., Smith*, 263 F.3d at 976; *see also Westlands Water Distr.*, 100 F.3d at 97(holding that "the expense incurred in defending against a lawsuit does not amount to legal prejudice"); *see also Soderstedt v. CBIZ*, 2009 WL 10674436, at *2 (C.D. Cal. Jul. 10, 2009) ("Although Defendants reference the expenses incurred to date in discovery and preparation for litigation, any costs or inconvenience to Defendants is not sufficient to establish legal prejudice") (citation omitted). Defendant also raises the possibility of Plaintiff's counsel filing a new lawsuit with a new plaintiff. However, Defendant does not dispute that neither the putative class nor any members of the putative class (other than Plaintiff) are parties to this action. *See Slack v. International Union of Operating Engineers*, 2013 WL 12218461, at *1 (N.D. Cal. Dec. 3, 2013) (holding that "the case law establishes that a putative class member is not deemed a party to an action until that class has been certified"); *Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("Neither a proposed class action nor a rejected class action may bind nonparties"). As a result, the possibility that Plaintiff's counsel may represent a different plaintiff in a different case against Defendant in the future is irrelevant to Plaintiff's ability to dismiss his matter with prejudice.

In addition, Defendant's argument that Plaintiff "should not be allowed to use Rule 41 as a means of circumventing this Court's ruling" on Defendant's Motion for Partial Judgment on the Pleadings is not persuasive. Plaintiff is seeking a dismissal with prejudice, which will prevent Plaintiff from "circumventing" this Court's ruling by re-filing his action against Defendant in this, or any other, Court. Indeed, courts routinely dismiss actions with prejudice in order to avoid any prejudice a defendant would suffer if the actions were dismissed without prejudice. *See, e.g., AF Holdings LLC v. Navasca*, 2013 WL 1748011, at *6 (N.D. Cal. Apr. 23, 2013) (dismissing action with prejudice after the plaintiff filed a motion to dismiss without prejudice); *Blue Spike, LLC v. Adobe Sytems, Inc.*, 2015 WL 13655824, at *3 (N.D. Cal. May 4, 2015) (dismissing the action with prejudice after the plaintiff filed a motion to dismiss without prejudice); *see also Kamal v. Eden Creamery, LLC*, 2021 WL 4460734, at *6 (S.D. Cal. Sep. 29, 2021) (denying motion to dismiss without prejudice and offering the plaintiff the option to dismiss with prejudice).

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.

IT IS SO ORDERED.

---

[2] Although dismissals pursuant to Rule 41(a)(2) are generally without prejudice, Plaintiff has specifically requested that the dismissal of this action be with prejudice.